UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

|  |  |  |
|---|---|---|
| THOMAS BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-CV-034 |
| | ) | |
| v. | ) | Judge Curtis L. Collier |
| | ) | |
| EATON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M**

Before the Court is Defendant Eaton Corporation's Motion to Dismiss and Motion to Strike Jury Request (Court File No. 8), seeking dismissal of Plaintiff Thomas Butler's Tennessee state law cause of action for tortious breach of contract (Count C) and to strike Plaintiff's demand for jury trial with regard to his ERISA claim (Count B). Defendant's motion was accompanied by a supporting memorandum (Court File No. 9), Plaintiff filed a response (Court File No. 16). For the following reasons, the Court will **GRANT** Defendant's motion.

**I.    RELEVANT FACTS**

Plaintiff's Complaint alleges three separate causes of action: discriminatory termination in violation of the Age Discrimination and Employment Act of 1967, 29 USC §§ 621 *et seq.* ("ADEA")(Count A); denial of severance pay benefits in violation of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA")(Count B); and tortious breach of contract under Tennessee state law (Count C). Plaintiff has requested a jury trial for all three claims

set forth in his complaint, including the ERISA count.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6). *See Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). Accordingly, the Court must construe the complaint in the light most favorable to Plaintiffs, accept all of the complaint's factual allegations as true, and determine whether Plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief. *Id.* Rule 12(f) allows a party to move to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

## III. DISCUSSION

Plaintiff has alleged that Defendant's failure to pay severance constitutes a tortious breach of contract. (Court File No. 1 at 5). Further, Plaintiff asserts that he is due severance pay under the Plan and that the Plan is governed by ERISA. (Court File No. 1 at 3-4). Defendant asserts that Plaintiff's common law breach of contract claim is based entirely upon his allegation that he was not paid severance under this ERISA-qualified plan. Plaintiff has requested a jury trial for all three claims set forth in his complaint, including the ERISA count. For the reasons set forth below, Plaintiff's tortious breach of contract claim (Count C) is dismissed and Plaintiff's request for a jury trial is stricken as to his ERISA claim (Count B).

### A. ERISA Preempts State Law Causes of Action Related to an ERISA Qualified Plan

Defendant contends that Plaintiff's common law claim for tortious breach of contract is

2

preempted by ERISA. Defendant's primary argument relies on *Nester v. Allegiance Healthcare Corp.*, 315 F.3d 610, 613 (6th Cir. 2003), which provides, "ERISA broadly precludes any state law cause of action which relates to any employee benefit plan." *Nester* further holds any "complaint for recover of any benefits allegedly due to the plaintiff under an employee benefit plan is strictly, and exclusively, governed by ERISA jurisprudence." *Id.* Here, Plaintiff has brought a state law cause of action for recovery of benefits under a qualified plan. As a result, his state law tort claim growing out of the denial of those benefits is precluded by ERISA.

This Court finds that Plaintiff's claim is very similar to that raised by the plaintiff in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549 (1987). In *Dedeaux*, the plaintiff asserted a claim for tortious breach of contract for failure to pay benefits in conjunction with an ERISA qualified plan. The Court held that the plaintiff's common law cause of action based on alleged improper denial of payment under an ERISA plan clearly met the criteria for preemption under §514(a). *Dedeaux*, 481 U.S. at 47-8. Similarly, the United States Court of Appeals for the Sixth Circuit has held that breach of contract claims based on denial of benefits, specifically severance pay, under an ERISA plan are preempted by ERISA. *See Gordon v. Barnes Pumps, Inc.,* 999 F.2d 133 (6th Cir. 1993)(finding ERISA preemption for breach of contract claim relating to amendments to severance plan); *Fisher v. Combustion Eng'g,* 976 F.2d 293 (6th Cir. 1992)(finding plaintiff's claim for breach of contract relating to employer's denial of pension benefits under ERISA qualified plan is preempted). Therefore, as Plaintiff's breach of contract claim is completely preempted by ERISA, this Court dismisses Count C of Plaintiff's Complaint (Court File No. 1).

**B. As a Matter of Law, Plaintiff is Not Entitled to a Jury Trial in an ERISA Cause of Action**

Plaintiff's demand for a trial by jury should be stricken because Plaintiff's ERISA claim seeks

recovery for a denial of benefits under a qualified ERISA plan. Plaintiff's ERISA claim is equitable in nature and therefore is not eligible for jury trial. *Wilkins v. Baptist Healthcare Systems, Inc.,* 150 F.3d 609, 616 (6th Cir. 1998). *See also, Bittinger v. Tecumseh Products Co.,* 123 F.3d 877 (6th Cir. 1997)(holding plaintiffs not entitled to jury trial on ERISA claim); *Bair v. General Motors Corp.,* 895 F.2d 1094 (6th Cir. 1990)(same); *Daniel v. Eaton Corp.,* 839 F.2d 263, 268 (6th Cir. 1988)(holding no entitlement to jury trial in claims brought pursuant to ERISA actions for recovery of benefits); *Crews v. Central States, Southeast and Southwest Area Pension Fund,* 788 F.2d 332 (6th Cir. 1986)(same). As a matter of law, Plaintiff is not entitled to a jury trial on his ERISA claim.

## IV. CONCLUSION

Because Plaintiff's breach of contract claim is precluded by ERISA, the Court will **GRANT** Defendant's motion to dismiss Count C of the Plaintiff's Complaint. Further, the Court will **GRANT** the Defendant's motion to strike Plaintiff's demand for jury trial on Count B of the Complaint.

An Order shall enter.

                                                  **/s/**
                                      **CURTIS L. COLLIER, CHIEF**
                                      **UNITED STATES DISTRICT JUDGE**